HUMBLE OIL & REFINING COMPANY V. C. H. ROBERTSON ET AL.

No. 6286    Decided November 28, 1934.
(76 S. W., 2d Series, 132.)

*Wynne & Wynne,* of Wills Point, *Vinson, Elkins, Sweeton & Weems,* and *R. E. Seagler,* all of Houston, for plaintiff in error.

In locating boundary line where the northwest, northeast and southeast corner are definitely established and known, the southwest corner should be location at the point of intersection of a line run from the known southeast corner extending west and another line run from the known northwest corner extending south, regardless of the fact that a tract thus enclosed contains a small excess in acreage. Rand v. Cartwright, 82 Texas, 399, 19 S. W. 794; Swenson v. Willsford, 84 Texas, 424, 19 S. W., 613; 2 Tex. Jur., 157, 181.

In determining the boundary lines of a tract of land, if the corners as originally marked can be identified, it is immaterial that such marked corners which existed at the time they were called for have been destroyed. Thatcher v. Matthews, 101 Texas, 122, 105 S. W., 317; Dunn v. Land, 193 S. W., 698; 7 Tex. Jur., 174, 178.

*W. E. West* and *Mack Taylor,* both of Fort Worth, for defendants in error.

It is the duty of the trial court to submit disputed questions of fact to jury. A reviewing court will not disturb the findings of a jury on conflicting evidence. R. S. 1925, Art. 2184; 3 Tex. Jur., sec. 768; Farmers Bank v. Hickman, 4 S. W. (2d) 315; Blum Milling Co. v. Moore Sevier Grain Co., 277 S. W., 78.

Mr. Presiding Judge HARVEY delivered the opinion of Commission of Appeals, Section A.

The Humble Oil and Refining Company brought this suit, against C. H. Robertson and others, in the form of trespass to try title to a tract of land upon which it holds an oil lease, which tract we shall designate as the 42½ acre tract. The real question at issue, however, respects the location on the ground, of the west boundary line of said tract. The tract constitutes a part of Block 14 of the Nacogdoches School Land Survey in Van Zandt County. The oil lease held by the Humble Company was executed by H. J. Ray and wife on April 16, 1928, and was recorded May 21, 1928. The lease, according to its terms, covers the same land that is described in a deed executed by Mrs. Lara Oliver to H. J. Ray on December 26, 1927. The tract is described in said deed, by metes and bounds, as follows:

"Beginning at the southeast corner of block No. 15, a subdivision of said labor, on east boundary line of same, at 2250 vrs of the northeast corner of same; thence south 371 vrs to corner on which an elm brs north 33 9/10 vrs, the same being

5 in. in diameter and a black walnut 4 in. in diameter bears south 4 1/2 west 2 3-10 vrs; thence W. 645 vrs to stake from which a P.O. 16 in. in diameter bears south 56 east 5 8-10 vrs, do. 16 in. diameter brs. north 37 east 11 vrs; thence north 371 vrs to corner of block No. 15; thence east 645 vrs to the place of beginning containing 42½ acres of land."

On March 10, 1930, H. J. Ray and wife executed to the defendants in error an oil lease on a strip of land lying in Block 14, which strip is approximately 41 varas wide and abuts the west boundary line of said block a distance of 371 varas from the northwest corner of the block. This strip is the land in controversy, the Humble Company claiming that same is embraced within the boundaries of the 42½ acre tract. In this connection, the following facts are conclusively established by undisputed testimony:

Blocks 14 and 15, along with other blocks of the Nacogdoches County School Survey, were originally laid out and surveyed about the year 1880. According to the calls of the original fieldnotes, the respective boundary lines of these blocks run with the cardinal points of the compass. The southeast corner and the southwest corner of Block 15, as then established, were witnessed by marked bearing trees. One of these witness trees for the southwest corner of said block remained standing as late as the year 1923. These two corners, according to original fieldnote calls, also constitute respectively the northeast corner and northwest corner of Block 14. In the fieldnotes for these respective blocks, the distance called for between said two corners is 645 varas. The location of these corners, on the ground, is conclusively shown by undisputed testimony, and the distance between them is thus conclusively shown to be approximately 686 varas instead of 645 varas as called for in the original fieldnotes. It will be observed, too, that the above quoted description of the 42½ acre tract calls for these corners, as constituting the northeast corner and the northwest corner, respectively, of the said tract. The location, on the ground, of the southeast corner of the 42½ acre tract, as called for, is also conclusively shown by undisputed testimony. It thus conclusively appears that the east line of said 42½ acre tract is 371 varas long as called for, and that the north line thereof, as located on the ground, is approximately 686 varas long instead of 645 varas as called for in the fieldnotes. There is no diversity of testimony in any of these respects. A diversity of testimony arises only in respect of the location, on the ground, of the southwest corner of the 42½

acre tract. We pause here to explain that it appears without dispute that the fieldnotes of the 42½ acre tract which are hereinabove set out, originated some thirty-five or forty years ago when the tract was surveyed for a remote grantor.

At the trial of this case, there was testimony of many witnesses to show that the true location, on the ground, of the southwest corner of the 42½ acre tract is on the west boundary line of Block 14—some 40 odd varas west of where the distance call for 645 varas west from the southeast corner of the 42½ acre tract would put it. This testimony was controverted by the witness Black, a surveyor, who testified, in substance, that about the year 1907 he had occasion to run the south line of the 42½ acre tract for those who owned the tract then; that he ran 645 varas west from the southeast corner of the tract, and there found a marked bearing tree which in every respect corresponded with one of the bearing trees called for in the original fieldnotes of the tract. The tree found by the witness then, does not exist now. Said witness further testified that the point so reached at 645 varas was, according to his estimate, about 35 or 40 varas east of a line of fence which he saw at the time. This line of fence is shown by other testimony, which is undisputed, to have followed with but slight variation the west line of Block 14. This controverting testimony of Black raised a fact issue respecting the location, on the ground, of the southwest corner of the 42½ acre tract. This fact issue was submitted to the jury, resulting in a verdict and judgment against the Humble Company. The Court of Civil Appeals has affirmed said judgment.

■ The Company asks us to hold, as a matter of law, that there was no fact issue raised in the respect mentioned. The contention is to the effect that inasmuch as the location, on the ground, of the southeast, the northeast and the northwest corners of the 42½ acre tract are conclusively shown, the southwest corner thereof should, as a matter of law, be located at the point of intersection of a line extended south from the known northwest corner, with a line extended west from the known southeast corner, regardless of the fact that a small excess of acreage in the tract will result. In order to sustain this contention we would have to disregard the testimony of the witness Black. This we are not authorized to do.

■ However, the judgment of the trial court is erroneous in a material respect. In the judgment, the Humble Company is denied a recovery as to any part of the narrow strip of land to

which this controversy relates. The testimony shows con- clusively that the company, at all events, was entitled to a recovery in respect to the part of said strip that lies east of a line drawn from the southwest corner of the 42½ acre tract, as testified to by the witness Black, and the northwest corner of Block 14. On account of this error, the judgment of the trial court and that of the Court of Civil Appeals are reversed and the cause remanded.

Opinion adopted by the Supreme Court November 28, 1934.